IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

AMERICAN ALTERNATIVE INSURANCE
CORPORATION                                                                                    PLAINTIFF

V.                                                        CIVIL ACTION NO. 2:12-CV-236-KS-MTP

AAA AMBULANCE SERVICE, et al.                                                DEFENDANTS

## ORDER

For the reasons stated below, the Court **denies in all respects** the Motion to Stay [18] filed by Defendants AAA Ambulance Service and Wade Spruill.

This is a declaratory judgment action filed by an insurance provider. Plaintiff seeks a declaratory judgment that it has no duty to defend or indemnify Defendants AAA and Spruill in the underlying litigation, *Wesley Health System, LLC v. Forrest County Board of Supervisors, et al.*, No. 2:12-CV-59-KS-MTP (S.D. Miss.). Defendants requested multiple alternative forms of relief.

First, they request that the Court stay this matter until the resolution of the underlying case or, alternatively, stay it until the conclusion of discovery in the underlying case. Defendants have not provided any compelling reason for the Court to stay this case, though. To determine whether an insurance company has a duty to defend its policyholder against suit, the Court looks "at the facts alleged in the complaint, together with the policy." *Auto. Ins. Co. of Hartford v. Lipscomb*, 75 So. 3d 557, 559 (2011); *see also Titan Ind. Co. v. Pope*, 876 So. 2d 1096, 1101 (Miss. Ct. App. 2004). Plaintiff's duty to defend Defendants in the underlying case can be addressed

at any time. No discovery is necessary, and there is no reason to delay the Court's consideration of that issue. A stay is unnecessary.

Next, Defendants request that the Court align the discovery period of this case with that of the underlying case and consolidate them for purposes of discovery. Alternatively, Defendants request that the Court align the cases' discovery periods and enter an order permitting the cross-notice of depositions and the use of discovery from the underlying case in this one. The Court certainly desires to be as efficient as possible, and consolidation could yield some benefits. But any form of consolidation would be unwise here.

First, aligning the cases' litigation tracks is simply impractical at this point. The underlying case was filed eight months before this one. The parties there have been conducting discovery for over four months, and their discovery deadline is October 1, 2013. Here, there has not even been a Case Management Conference, and the parties have not begun discovery. The inevitable result of aligning the parties' litigation tracks would be to delay resolution of the underlying case. The Court will not do that.

Next, the Court believes that it would be unwise to add another complication to the underlying case, which has been – charitably speaking – contentious. Less than a month and a half after discovery began, a party filed the first motion to compel responses to discovery. Since then, the Court has been forced to address another motion to compel plus a motion to quash a deposition notice. The case is not likely to become less heated as discovery continues, and there is no reason to invite the potential problems created by ordering AAA's *Moeller* counsel to sit at the same

deposition table as its insurer's counsel here.

The underlying case already involves RICO, Sherman Act, and state tort claims which will require the interpretation and application of federal statutes, state regulations, and Mississippi common law. This is a relatively ordinary insurance coverage dispute. Beyond the vast differences between the legal aspects of the two cases, there is no reason to complicate the resolution of this case by entangling it with the underlying one.

For all of these reasons, the Court **denies in all respects** the Motion to Stay [18] or Consolidate filed by Defendants AAA Ambulance Service and Wade Spruill. If the parties in both cases wish to work together in scheduling depositions to reduce everyone's costs, they are welcome to do so. But the Court will not order the parties to do so and unnecessarily complicate these two cases.

SO ORDERED AND ADJUDGED this 9th day of April, 2013.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE